UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

JOHN RAYMOND AST,

                Petitioner,

   -against-                                          9:21-CV-0567 (LEK/TWD)

STANLEY LOVETT, *Warden of Ray Brook*,

                Respondent.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Petitioner John Ast commenced this *pro se* action on May 18, 2021, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1 ("Petition"). Petitioner is currently confined at Federal Correctional Institute ("FCI") Ray Brook. Pet. at 31.

Petitioner seeks habeas relief on the grounds that his due process rights were violated by the issuance of two unlawful disciplinary reports and an unconstitutional disciplinary hearing during his time incarcerated at FCI Fort Dix. Pet. at 1, 10–22. Petitioner alleges that due to this violation he was unlawfully deprived of earned good time credits, his security classification was changed from "Low" to "Medium," and he was transferred from FCI Fort Dix—a low security institution—to FCI Ray Brook—a medium security institution. <u>Id.</u> Petitioner seeks reinstatement of his good time credits, expungement of his disciplinary record, restoration of his security classification to "Low," and transfer to FCI Fort Dix. <u>Id.</u> at 8.

Respondent has opposed the Petition, arguing the Petition should be dismissed as moot because the Bureau of Prisons has reexamined the matter, reversed the disposition of Petitioner's disciplinary hearing, expunged the charge from Petitioner's record, restored Petitioner's good

time credits, and returned Petitioner's security classification to "Low." Dkt. No. 13 ("Amended Response") a 1–2; Dkt. No. 11-1 ("Higgins Declaration") ¶¶ 5, 8.

Petitioner replied, arguing he is still entitled to transfer back to FCI Fort Dix. Dkt. No. 17 ("Traverse") at 1–3.

On January 24, 2022, Petitioner filed a motion seeking to compel judgment under Federal Rule of Civil Procedure 12(c). Dkt. No. 19 at 1.

Now before the Court is a Report-Recommendation filed by the Honorable Thérèse Wiley Dancks, recommending that the Court dismiss the action in its entirety. Dkt. No. 24 ("Report-Recommendation"). For the reasons that follow, the Court approves and adopts the Report-Recommendation.

## II. BACKGROUND

### A. Factual Allegations

Petitioner's factual allegations are detailed in the Report-Recommendation, familiarity with which is assumed. See R. & R. at 2–5.

### B. The Report-Recommendation

On April 18, 2022, Judge Dancks found that "The only issue before the Court is whether petitioner is entitled to be transferred from Ray Brook to Fort Dix as relief for his federal habeas corpus action." R. & R. at 5. Judge Dancks answered this question in the negative.

Judge Dancks observed that the Constitution does not grant inmates a right to be placed in any particular prison, id. at 5 (citing Meachum v. Fano, 427 U.S. 215, 224 (1976)), such decisions are not subject to audit under the Due Process Clause, R. & R. at 5, and the Bureau of Prisons "has sole discretion to determine the facility in which a federal prisoner should be placed," id. at 6 (citing Sash v. Laird, No. 06-CV-6052, 2008 WL 2816019, at *1 (E.D.N.Y. July 21, 2008)). Accordingly, inmates do not have a protected liberty interest in specific

classifications, such as being classified in a medium security facility instead of low security, unless such classification "imposes an 'atypical and significant hardship on the inmate.'" R. & R. at 8 (quoting Sandin v. Conner, 515 U.S. 472, 484, 487 (1995)).[1]

Applying these standards, Judge Dancks found Petitioner had made no showing that his classification at FCI Ray Brook had imposed such a hardship and recommended the Petition be denied and dismissed, and that Petitioner's motion for judgment on the pleadings be denied as moot. Id. at 11.

### III. STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL

---

[1] While Sandin v. Connor is an action brought under 42 U.S.C. § 1983, it is well established that the analysis of whether a prisoner has a due process liberty interest is transferable between Section 1983 and habeas actions. See e.g., Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (relying on Section 1983 analysis in Meachum v. Fano, 427 U.S. 215 (1976) to determine that inmates do not have due process right to specific security classification sufficient to support habeas relief); Collins v. Schult, No. 08-CV-1230, 2010 WL 411055, at * 4 (N.D.N.Y. Jan. 27, 2010) (applying Sandin standard to habeas due process claim).

3

3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## IV.  DISCUSSION

Neither party filed objections to the Report-Recommendation by May 5, 2022, when they were due pursuant to Fed. R. Civ. P. 6(d) and 6(a)(1)(C). See Docket. Consequently, the Court reviews the Report-Recommendation for clear error and finds none. Therefore, the Court adopts the Report-Recommendation in its entirety.

## V.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 24) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that the Petition (Dkt. No. 1) be **DENIED** and **DISMISSED**; and it is further

**ORDERED**, that no Certificate of Appealability ("COA") be issued because the Petition was brought under 28 U.S.C. § 2241 and a COA is not required for Petitioner to appeal denial, and because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2); and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: June 8, 2022
Albany, New York

LAWRENCE E. KAHN
United States District Judge